Sandrord, J.,
(with the concurrence of all the Justices.)— We think, on consideration, that there was no “ claim of title to real property,” made by the pleadings in this case. The answer admits the plaintiff’s title unequivocally. It attempts to justify what has been done, by a contract made with the plaintiff to blast the rock on his land and remove it out of his way so that he might build houses there, and as part of his reward for his labor, the rock removed was to be the defendant’s. This sets up no title to the rock in the land, nor to any part of the freehold. It is a contract to do certain acts on the plaintiff’s land, as his laborer or servant, and for his benefit. If there were such a contract, the defendant had a right to enter on the land to do the Work. If there were none, his entry was a trespass. His claim is no more than a license. It does not savor of title. His claim to the stone is not that he had any right or title to them as stone or rock in the plaintiff’s soil, or as being *724 a part of the soil. Before they were blasted out, he could not mark out or designate any portion of the rock or stone which was his or would ever become his under the contract. His claim of right to them was a mere corollary to the execution of his contract to do labor for the plaintiff, and arose from its execution. It was thus a claim to the rock after it was removed and blasted, not to rock attached to the freehold.
In Powell v. Rust, 1 Code Rep. N. S. 172, to which we were referred, the defendant’s claim was, that the title to the growing shrubs, roots, &c., was in him, and had never been out of him or in the plaintiff. It was as much a claim of title to a part of the freehold, as if it had been made of a'city lot reserved out of his sale and conveyance of a larger tract to Powell. If, in that case, Rust had conceded that Powell owned the shrubs, roots, &c., and had justified upon a contract by which he was to remove them from Powell’s land in order to turn it to some other use, and was to have the shrubs as a part of the price of his labor in removing them, the case would have been like the one before me, and I think the learned and respected court which passed upon it would have held the defendants entitled to costs. The statement of right in the answer is not as strong as that made by one entering upon and claiming land under an executory contract of sale, which it is held does not constitute a claim of title. (Dolittle v. Eddy, 7 Barb. S. C. R. 75.)
The fact that the plaintiff’s lots were vacant and unoccupied, gives him no right to costs. The rule on which he relies was applied to wild lands, under the old system of pleading, but it is now inapplicable, because if the defendant do not in his answer deny the plaintiff’s possession or title, he need give no proof on-the subject. Here neither was denied, so that no proof of title became necessary in consequence of the land being unoccupied. The cases cited show that where the possession of wild land is put in issue, the title is also in issue, because the plaintiff, to show possession, must prove his title.
The defendant is entitled to the costs of the suit.